# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**VONDA L. VANCE,**
**Claimant Below, Petitioner**

**FILED**
December 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0595** (BOR Appeal No. 2046688)
                        (Claim No. 2006014969)

**LOGAN PARK CARE CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vonda L. Vance, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan Park Care Center, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 1, 2012, in which the Board reversed a November 16, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 8, 2010, decision denying Ms. Vance's request for an additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Vance worked as a certified nurse assistant for Logan Park Care Center, Inc. when she injured her back on October 12, 2005, moving a 260 pound resident. Dr. Guberman concluded that Ms. Vance had reached maximum medical improvement on October 10, 2006, and again on April 16, 2010. Dr. Guberman further concluded that there was no evidence of lumbar radiculopathy and that Ms. Vance had been fully compensated by her prior 8% permanent partial disability award. On November 23, 2009, Dr. Schmidt found that there was no clear cut evidence of a focal L5 or S1 radiculopathy. Dr. Bowman determined on January 21, 2010, that the EMG was normal and showed no evidence of radiculopathy. On March 8, 2011, Dr. Poletajev opined that Ms. Vance had radiculopathy and recommended she receive an

1

additional 5% permanent partial disability award. The claims administrator denied Ms. Vance's request for additional permanent partial disability award based upon Dr. Guberman's report and held that she had been fully compensated by the prior 8% permanent partial disability award. The Office of Judges reversed the claims administrator's decision and granted Ms. Vance an additional 5% permanent partial disability award that represents a cumulative 13% permanent partial disability award in this claim.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision denying the request for an additional permanent partial disability award. Ms. Vance disagrees and asserts that the Board of Review erred in reversing the Office of Judges' Order because no reversible error was committed. The Board of Review relied on Dr. Guberman's findings that Ms. Vance had an 8% whole person impairment for her lumbar injury that had been fully compensated by her prior 8% permanent partial disability award. Dr. Guberman considered the MRI report dated April 3, 2010, that found the "previously noted paracentral disc protrusion at L4-L5 is no longer evident" and placed Ms. Vance in Lumbar Spine Category II from West Virginia Code of State Rules Table § 85-20-C (2006). Dr. Guberman concluded that she failed to meet the criteria for Lumbar Spine Category III since she has no objective evidence of radiculopathy and her electrodiagnostic studies showed no evidence of radiculopathy.

The Board of Review found that Dr. Poletajev erred in indicating that the MRI findings showed signs of radiculopathy and in relying on the MRI findings dated August 29, 2008, because the same findings were not evident on the latest MRI dated April 3, 2010. Dr. Poletajev found Ms. Vance had a 13% whole person impairment and recommended granting her an additional 5% permanent partial disability award. In opposition, Dr. Bowman concluded on January 21, 2010, that the electrodiagnostic testing showed no evidence of lumbar radiculopathy. Additionally, Dr. Schmidt determined on November 23, 2009, that Ms. Vance does not have any clear cut evidence of a focal L5 or S1 radiculopathy. The Board of Review concluded that Dr. Poletajev's placement of Ms. Vance in Lumbar Spine Category III is not reliable. The Board of Review determined that Dr. Guberman's report and testimony were credible and reliable and held that Ms. Vance had been fully compensated by her prior 8% permanent partial disability award. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 17, 2013**

2

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II